UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Tekena USA, LLC | ) | Case No. 09 B 16969 |
| | ) | |
| Debtor. | ) | Judge Jacqueline P. Cox |

**MEMORANDUM OPINION**

Systems Division, Inc. (SDI) obtained a judgment of $3,788,609.75 for patent infringement against Teknek, LLC and Teknek Electronics (Electronics) in a federal district court in California in 2004. While the lawsuit was pending, Teknek, LLC and Electronics' sole shareholders, Jonathan Kennett (Kennett) and Sheila Hamilton (Hamilton), created Teknek Holdings (Holdings) and proceeded to funnel both companies' assets into Holdings, leaving Teknek, LLC and Electronics insolvent. In re Teknek, 563 F.3d 639, 641 (7th Cir. 2009). SDI later successfully moved the district court in California to add Kennett, Hamilton and Holdings to the judgment as defendants on an alter ego theory.

The court's challenge herein is to discern whether Teknek, LLC became Teknek America; whether Teknek America became Debtor Tekena USA, LLC (Debtor Tekena)(Debtor) and what this may mean for Teknek, Ltd.'s (Limited) Motion to Dismiss Debtor Tekena's bankruptcy case.

**JURISDICTION**

The court has jurisdiction to decide this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15 (a) of the United States District Court for the Northern District of Illinois. This matter is a core proceeding under 28 U.S.C. § 157 (b)(2)(A).

## BACKGROUND

Teknek, LLC filed for Chapter 7 bankruptcy relief in the Northern District of Illinois under cause no. 05 B 27545. An Adversary Proceeding was commenced in the Illinois bankruptcy matter in which the Chapter 7 Trustee sought to avoid fraudulent transfers from Kennett and Hamilton and to pierce the corporate veil as to them. The Complaint also alleges that Kennett and Hamilton wrongfully transferred corporate assets to themselves and that they breached their fiduciary duty to the debtor by divesting it of its assets to frustrate and to defraud SDI. The Complaint also requests turnover to the Trustee of property of the bankruptcy estate. See Verified Adversary Complaint, Fisher v. Hamilton, et. al. (Bankr. N.D. Ill. 2006)(06 A 412)(A.P.).

In May, 2004, prior to the July 12, 2004 verdict in SDI's favor, Hamilton and Kennett are alleged to have engaged in a deliberate attempt to divest Teknek, LLC of any assets of value under the guise of a group reorganization. The transfers are alleged to have taken two forms: transfers of funds to Kennett and Hamilton; and transfers of non-monetary assets, both tangible and intangible, to other Teknek-related entities controlled by Hamilton and Kennett. A.P. ¶¶ 23 and 24.

Prior to the SDI trial, Teknek, LLC distributed hundreds of thousands of dollars to Hamilton and Kennett. Corporate records show that Hamilton received $154,138 while Kennett received $568,829 in a year when that entity reported only $418,074 in ordinary income. A.P. ¶ 25.

In May, 2004, Teknek, LLC transferred its accounts receivable and accounts payable, fixed assets and liabilities to Teknek Electronics. Allegedly, Electronics either received payment for those receivables itself or allowed other Teknek-related entities controlled by Hamilton and Kennett to collect on the receivables. The Trustee alleges that Teknek, LLC failed to document the transfers and that no documentation exists as to how, why, to whom or for how much those

assets were divested. It is alleged that the assets were not valued or appraised prior to the transfers. A.P. ¶¶ 26-28.

The Adversary Proceeding alleges that the assets were transferred out of Electronics (a judgment debtor) to Holdings, another entity controlled by Hamilton and Kennett. A.P. ¶ 30. The Trustee alleges that Teknek, LLC ceased its operations, but that it reopened nearby as yet another "Teknek" entity, Teknek America, conducting the same core business as Teknek, LLC, selling Teknek products and equipment and servicing the same clients from the same client list used by Teknek, LLC. A.P. ¶¶ 30-32.

The Adversary Proceeding asserts that Teknek, LLC and Teknek America employed the same employees. Mark Rollinson and Alan Sandilands were Teknek, LLC's sales managers; they became sales managers for Teknek America. A.P. ¶ 33. Mark Rollinson became and is now the President and Manager of the Debtor, Tekena USA, LLC. Chap. 11 Voluntary Petition, In re Tekena USA, LLC. (Bankr. N.D. Ill. 2009)(09 B 16969).

The Adversary Proceeding next alleges that Hamilton and Kennett sold the Teknek America business operation to the Debtor. A.P. ¶ 38

Debtor Tekena's members are Mark Rollinson, Allan Sandilands, Will Gulteriez and Jerry Wilberg, who are all former employees of both Teknek, LLC and Teknek America. Mark Rollinson is alleged to have once worked for a Teknek-related entity in the United Kingdom. The other three members were previously employed by Teknek, LLC and by Teknek America. A.P. ¶ 37. The Trustee alleges that when the Debtor was formed, Teknek, LLC, Hamilton and Kennett were subject to a contempt order issued by District Judge Milton Shadur preventing them or any other Teknek-related entity from doing business in the United States. The Trustee suggests that the Debtor was created to get around Judge Shadur's order. A.P. ¶ 38.

Hamilton and Kennett are alleged to have sold the assets of Teknek America to its former

employees. Thus was born Tekena. Teknek America is alleged to have done $4 million in business in the fiscal year prior to its sale. However, Rollinson contracted to pay only $38,500 for the business, of which only $15,000 was paid. A.P. ¶ 39.

The Trustee goes on to allege that the Debtor uses Teknek, LLC's former office equipment, supplies, furniture, computers and customer list. A.P. ¶ 40.

The Trustee alleges in paragraph 41 of the Complaint that when the Debtor participates in various trade shows it registers in the name of and holds itself out to the public as Teknek, LLC and that internet links listed for the Debtor are linked to the Teknek website in Scotland. A.P. ¶ 41.

Paragraphs 41 and 42 allege that as of 2006 the Debtor's operations were located at the same place used by Teknek America and that the Debtor received, deposited and used checks and payments from customers that were expressly made payable to Teknek, LLC. A.P. ¶¶ 41-42.

The Trustee also alleges that the Debtor accessed and used Teknek, LLC's bank accounts and that Rollinson drove a car titled in the name of Teknek, LLC. A.P. ¶¶ 43-44.

The Trustee also alleges that the sale of Teknek America to the Debtor did not include Teknek America's receivables. Teknek America became known as Kenham, LLC f/k/a Teknek America, and that Kenham exists to collect on the receivables. The Trustee alleges that Kenham accessed Teknek, LLC's bank accounts. A.P. ¶¶ 45- 47.

### ISSUE OF GOOD FAITH

The court engaged in this extensive exploration of Debtor Tekena and its background to shed light on the issues at hand, whether Debtor Tekena's bankruptcy proceeding should be

dismissed.[1]

> 11 U.S.C. § 1112(b), states:
>
> (b)(1) Except as provided in paragraph (2) of this subsection, subsection (c) of this section, and section 1104 (a)(3), on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

11 U.S.C. § 1112(b).

Movant, Limited, is a Scottish company, which is a wholly-owned subsidiary of TH Group. Limited asserts that it is Debtor Tekena's largest creditor and that it has sued the Debtor in the Sheriffdom of North Strathclyde at Paisley, Scotland in case no. A367/09.

Limited asserts that Debtor Tekena entered into an asset purchase agreement with Teknek America, LLC wherein Debtor Tekena assumed certain leases for assets, a consignment agreement and a distribution agreement. The distribution agreement provides that it is to be governed by and interpreted in accordance with the law of Scotland. In another window into the identity-changing/ asset-shifting efforts of the Teknek entities, Limited notes that Limited was known as Teknek Manufacturing Limited on June 1, 2004 when the distribution agreement was entered into. See Motion to Dismiss Pursuant to 11 U.S.C. § 1112(b) at 5 n.2, case no. 09 B 16969, docket no. 57.

This is the agreement Teknek, LLC's Chapter 7 Trustee complains of at paragraphs 38-45 of Adversary Proceeding 06 A 412. A.P. ¶¶ 38-45. Limited asserts that Holdings had assigned all

---

[1] Limited and Debtor Tekena did not cover these facts in this motion's pleadings.

business activity to Limited so that Limited became the holder in due course of the assets sold to the Debtor. Limited provided product to Debtor Tekena pursuant to the consignment and distribution agreements and retains a security interest in the unpaid product in the Debtor's possession. It is also alleged that Debtor Tekena owes Limited $680,000 for product which was unpaid for or not returned. Limited sued the Debtor in Scotland on March 22, 2009. This bankruptcy proceeding was initiated on May 9, 2009.

Section 1112(b) provides that "on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establishes that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a Chapter 11 case to a Chapter 7 case or dismiss a Chapter 11 case, whichever, is in the best interests of creditors and the estate, if the movement establishes cause." 11 U.S.C. § 1112(b).

To resist the movant's efforts, the debtor or another party may object and establish that there is a reasonable likelihood that a plan will be confirmed within a reasonable period of time. Subsection (4) of 11 U.S.C. § 1112 (b) provides that the term cause includes:

> (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
> (B) gross mismanagement of the estate;
> (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;
> (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;
> (E) failure to comply with an order of the court;
> (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
> (G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;
> (H) failure timely to provide information or attend meetings

reasonably requested by the United States trustee (or the
bankruptcy administrator, if any);
(I) failure timely to pay taxes owed after the date of the order for
relief or to file tax returns due after the date of the order for relief;
(J) failure to file a disclosure statement, or to file or confirm a plan,
within the time fixed by this title or by order of the court;
(K) failure to pay any fees or charges required under chapter 123 of
title 28;
(L) revocation of an order of confirmation under section 1144;
(M) inability to effectuate substantial consummation of a
confirmed plan;
(N) material default by the debtor with respect to a confirmed plan;
(O) termination of a confirmed plan by reason of the occurrence of
a condition specified in the plan; and
(P) failure of the debtor to pay any domestic support obligation that
first becomes payable after the date of the filing of the petition.

This list is not exclusive.

Limited argues that this Chapter 11 case should be dismissed because it was not filed in "good faith," i.e., that Debtor Tekena has no legitimate need for reorganization under Chapter 11, only a need to avoid being sued in Scotland for sums due under the 2005 agreements involving its assumption of the identity of one of SDI's original judgment debtors, Teknek, LLC.

Good faith is generally recognized as a prerequisite for eligibility to file a Chapter 11 case. Lack of good faith can constitute "cause" for dismissal of a case under § 1112 (b) of the Bankruptcy Code. In re Madison Hotel Associates, 749 F.2d 410, 426 (7th Cir. 1984).

One of the hallmarks of bad faith in filing a petition is pre-petition litigation already pending in the state court between the parties. This factor weighs against the Debtor. While the Debtor faces a lawsuit in another country as opposed to a lawsuit in state court, it is seeking to have the matter adjudicated in another forum when the agreements involved require that it be governed by and interpreted in accordance with the laws of Scotland. This is not a forum selection clause. However, considering the history of the efforts by the original judgment debtors

to shift assets amongst several entities, including Debtor Tekena, it is unreasonable to expect an American court to adjudicate a dispute between parties who are alleged to have made fraudulent transfers and to have breached their fiduciary duties to Teknek, LLC following entry of a judgment in an American court.

The ruling in In re Grieshop, 63 B.R. 657 (N.D. Ind. 1986) includes an expansive exploration of bad faith factors. Those factors and how Debtor Tekena's situation measures up to them follows. Debtor Tekena's Response to the Motion to Dismiss Pursuant to 11 U.S.C. § 1112(b) includes a chart which compares the Grieshop factors to Debtor Tekena's circumstances. Debtor's Response to Motion to Dismiss Pursuant to 11 U.S.C. § 1112(b) at 5-6, In re Tekena USA, LLC., (Bankr. N.D. Ill. 2009) (09 B 16969, docket no. 64). The court will comment on the Debtor's assessment of each factor.

**CHART**

| Factors Considered by the Grieshop Court | Comparison to Tekena's Case |
|---|---|
| 1. The debtor has few or no unsecured creditors. | Tekena has few creditors; however both the Chapter 7 Trustee and Limited held substantial claims at the onset of this bankruptcy case. |
| 2. There has been a previous bankruptcy petition by the debtor or a related entity. | Tekena has never sought protection in the bankruptcy courts prior to filing this case. |
| 3. The pre-petition conduct of the debtor has been improper. | There is no claim that Tekena acted improperly. |
| 4. The petition effectively allows the debtor to evade court orders. | There are no court orders that Tekena has or even could have sought to evade. |
| 5. There are few debts to non-moving creditors. | The Chapter 7 Trustee holds a debt that exceeds Limited's claim. |

| | |
|---|---|
| 6. The petition was filed on the eve of foreclosure. | The lawsuit in Scotland had not progressed past filing and the Chapter 7 Trustee's adversary proceeding was not even set for trial. |
| 7. The foreclosed property is the sole or major asset of the debtor. | There is no foreclosed property at issue in this case. |
| 8. The debtor has no ongoing business or employees. | Tekena has both before and after the filing of this case operated a business enterprise that employs non-insiders. |
| 9. There is no possibility of reorganization. | Tekena has a strong likelihood of reorganizing. |
| 10. The debtor's income is not sufficient to operate. | Tekena has shown in its operating reports the continued ability to pay its debts as they come due. |
| 11. There was no pressure from non-moving creditors. | The Chapter 7 Trustee was set to re-energize the adversary proceeding in light of the Seventh Circuit's ruling voiding the settlement. |
| 12. Reorganization essentially involves the resolution of a two-party dispute. | As noted above, the Chapter 7 Trustee held a potentially much larger claim against Tekena. |
| 13. A corporate debtor was formed and received title to its major assets immediately before the petition and | No facts or allegations support this factor, which is not present in this case. |
| 14. The debtor filed solely to create the automatic stay. | Tekena filed its case to avoid the necessity of expensive litigation in multiple venues including overseas. |

As to factor no. 1, that the debtor has few or no unsecured creditors, Debtor Tekena asserts that it has few creditors but at the time the petition was filed it faced two major lawsuits. The court's review of this factor, and the Debtor's assessment of it, is that it weighs against Debtor Tekena because Debtor Tekena is asking an American court to protect it from a contractual relationship created to frustrate the collection of a judgment entered in a federal district court. Debtor Tekena may have few creditors; but the problem is that its major creditor may be its co-conspirator in objectionable conduct.

As to factor no. 2, that there has been a previous bankruptcy petition by the debtor or a related entity, Debtor Tekena asserts that it has never sought protection in the bankruptcy courts prior to filing this case. The court's assessment is that Debtor Tekena's position does not reflect the fact that its related entity, Teknek, LLC, filed for bankruptcy protection in the Northern District of Illinois in 2005 in case no. 05 B 27545, and that Electronics filed an insolvency petition in Scotland. A.P. ¶ 18. This factor weighs against the Debtor.

As to factor no. 3, that the prepetition conduct of the debtor has been improper, Debtor Tekena asserts that there is no claim that it acted improperly. The court's review of this factor and Debtor Tekena's assessment of it is that Debtor Tekena totally ignores the allegations against it in the 06 A 412 Adversary Proceeding. Those allegations include assertions that Debtor Tekena was formed to frustrate the collection of SDI's judgment. This factor weighs against Debtor Tekena.

As to factor no. 4, that the petition effectively allows the debtor to evade court orders, Debtor Tekena asserts that there are no court orders that it has or even could have sought to evade. The court's assessment of this factor and of Debtor Tekena's position is that Debtor Tekena may have violated the January 24, 2006 receiver order as alleged in Mark Rollinson's November 3, 2008 Verified Statement. Verified Statement of Mark Rollinson at ¶¶ 16-17, In re Teknek, LLC, (Bankr. N.D. Ill. 2005)(05 B 27545, docket no. 317). This factor weighs against Debtor Tekena.

As to factor no. 5, that there are few debts to non-moving parties, Debtor Tekena asserts that Teknek, LLC's Chapter 7 Trustee holds a debt that exceeds Limited's claim. The court's review of this factor and of Debtor Tekena's response is that the Trustee secured settlement of the 06 A 412 matter in early 2009 without securing a direct payment from Debtor Tekena. It was a global settlement, which was vacated by the Court of Appeals. The Trustee has not filed a claim in Debtor Tekena's bankruptcy. The Trustee can now seek relief from the Debtor. This factor weighs against the Debtor as there could be a substantial debt to a non-moving party.

As to factor no. 6, that the petition was filed on the eve of foreclosure, Debtor Tekena responds that the lawsuit in Scotland had not progressed past filing and that the Trustee's adversary proceeding has not been set for trial. Those assertions are true. This factor does not weigh against the Debtor.

As to factor no. 7, that the foreclosed property is the sole or major asset of the debtor, Debtor Tekena asserts that there is no foreclosed property at issue in this case. That assertion is true. This factor does not weigh against Debtor Tekena.

As to factor no. 8, that the debtor has no ongoing business or employees, Debtor Tekena responds that it operated a business both before and after the bankruptcy case was filed. This assertion is true. However, because of the level of improper conduct in conducting its business as noted in the Rollinson statement, this factor weighs against Debtor Tekena.

As to factor no. 9, that there is no possibility of reorganization, Debtor Tekena responds that it has a strong likelihood of reorganization. The court does not have sufficient information to assess this response.

As to factor no. 10, that the debtor's income is not sufficient to operate, Debtor Tekena responded that its monthly operating reports show its continuing ability to pay its debts as they come due. The report for the period ending on May 30, 2009 shows a gain of $33,754.00. 09 B

16969, docket no. 26. The report for the period ending on June 30, 2009 shows a decline of $28, 855.00. 09 B 16969, docket no. 56. The report for the period ending on July 30, 2009 shows a gain of $19, 729.00. 09 B 16969, docket no. 59. The report for the period ending on August 31, 2009 shows a decline of $34,807.00. 09 B 16969, docket no. 63. The report for the period ending on September 30, 2009 shows a decline of $24,742.00. 09 B 16969, docket no. 67. The report for the period ending on October 30, 2009 shows a decline of $925.00. 09 B 16969, docket no. 87. This factor weighs against Debtor Tekena because the Debtor experienced a decline in four of the last six months.

As to factor no. 11, that there was no pressure from non-moving creditors, the Debtor responds that Teknek, LLC's Chapter 7 Trustee was set to re-energize the adversary proceeding in light of the Court of Appeal's ruling vacating the settlement. The court agrees, as the Trustee may no longer be bound by the settlement that this court previously approved. The Trustee's lawsuit remains unresolved. This factor weighs against Debtor Tekena.

As to factor no. 12, that reorganization essentially involves the resolution of a two-party dispute, the Debtor posits that the Trustee also had a claim against the Debtor. The Debtor is a defendant in the 06 A 412 adversary proceeding, however, Limited claims that Teknek, LLC's Chapter 7 Trustee has not filed a claim in the Debtor's bankruptcy proceeding and that the claims bar date has passed. The claims bar date of August 14, 2009 was set by order on June 29, 2009. 09 B 16969, docket no. 38. To date, Teknek LLC's Trustee has not filed a claim herein. The Debtor justifies its filing for bankruptcy relief on having to face burdensome litigation in the 06 A 412 case and in the Scottish lawsuit. While the Debtor admits that the 06 A 412 matter cannot be the basis for recovery herein, since no timely claim has been filed, it argues that bad faith should be assessed based on the circumstances as they existed when the petition was filed. The court agrees, but notes that, overall, Debtor Tekena's conduct as a participant in the events which frustrated SDI's collection efforts is a circumstance existing at filing that outweighs any positive consideration it might merit under this factor.

As to factor no. 13, that a corporate debtor was formed and received title to its major assets immediately before the petition, Debtor Tekena denies that this circumstance exists. The record supports Debtor Tekena's position. This factor does not weigh against Debtor Tekena.

As to factor no. 14, that the debtor filed solely to create an automatic stay, Debtor Tekena responds that its case was filed to avoid litigating expensive matters in multiple venues. The record is clear that Debtor Tekena faces major litigation in two venues. However, because of its role in the course of conduct engaged in to frustrate and to hinder SDI, this factor weighs against Debtor Tekena; the court finds that Debtor Tekena filed for bankruptcy protection solely to create an automatic stay.

## DISCUSSION

Another bad faith factor is that the debtor is either solvent or that it has very few unsecured debts which the debtor is able to meet. Because Sheila Hamilton and Jonathan Kennett may be the driving forces behind the Teknek-related entities, their solvency is in issue. The court has insufficient information at this time regarding their solvency. It would be unrealistic not to consider their assets in this inquiry.

Bad faith may be found where a petition is filed for an improper purpose. It is not improper for the Debtor to adjust its debts; the issue is whether the Debtor has presented a legitimate reorganizational objective within the scope of the Bankruptcy Code or whether the Debtor has presented tactical reasons unrelated to reorganization. Debtor Tekena, as a willing participant in the efforts to frustrate SDI's collection efforts, now asks for refuge from the contractual relationship it entered into with its alleged co-conspirators. The purpose of bankruptcy is to help honest debtors to make a fresh start. Debtor Tekena may have been formed as an instrument to improperly frustrate a legitimate judgment creditor. It cannot now be said that it is an honest debtor.

A Chapter 11 case can be dismissed where the court determines that it is unreasonable to expect that a plan can be confirmed. In re Woodbrook Associates, 19 F.3d 312, 316 (7th Cir. 1994). Examination of the Claims Register reveals that Limited's claim represents 90% of the estate's liabilities; the Debtor admits in its Response to the Motion to Dismiss that the Teknek, LLC Trustee's claim is no longer a problem. The Debtor states that it plans to file a plan of reorganization that pays all legitimate and timely claims at 100%. Limited argues in its Reply in Support of the Motion to Dismiss Pursuant to 11 U.S.C. § 1112(b) that it will somehow be impaired and that as a holder of 90% of the Debtor's claims, the Debtor cannot confirm a plan over its rejection of the plan under 11 U.S.C. § 1126(c). Limited holds more than two-thirds in amount of the debtor's total claims; it is not clear if it holds more than one-half in number of claims in an impaired class because there is no plan on file. The court cannot discern any impairment of Limited's claim, however, as Debtor Tekena asserts that it will pay claims at 100%. Limited's claim that its vote on the plan will block confirmation cannot be evaluated at this juncture.

The Debtor asserts that Limited's debt is based on an illegal contract. The Debtor refers generally to the affidavits in the Teknek, LLC case. 09 B 16969, docket no. 64 at page 5. The Debtor may be referring to Mark Rollinson's November 3, 2008 Verified Statement. See supra at 10. Mark Rollinson states that Debtor Tekena was formed to insulate Teknek from SDI's judgment; that Debtor Tekena's offices were opened in a space owned by Teknek's landlord; that Kennett stated that Teknek was to pay Debtor Tekena's rent under certain circumstances; that a proxy entity, Primal Design Company Ltd., was used to order Teknek goods for Debtor Tekena; that the Coman and Anderson law firm, now representing Limited, represented Kennett in the sale to Debtor Tekena; that the business was valued at $250,000 but said valuation was adjusted to $38,500; that Hamilton and Kennett - while not owners of Debtor Tekena - exercised control over it; that Kennett directed Teknek to supply Debtor Tekena with product; that prices to Debtor Tekena were increased to benefit Hamilton and Kennett; that Kennett and Hamilton controlled Debtor Tekena's local server - requiring cash transfers to them; that Kennett and Hamilton violated the January 24, 2006 Receiver Order and that Debtor Tekena was purposefully deprived

of its of profits by Kennett and Hamilton.

Rollinson also states that Debtor Tekena's customer lists were requested to allow for diversion of its business to other entities and that Debtor Tekena was told to send product to another business, but not to invoice for the product. Rollinson states that Debtor Tekena was inadvertently allowed to operate at a profit! The statement concludes by stating that Kennett, Hamilton and Teknek have siphoned $1.3 million from the Debtor.

"Where a motion to dismiss for cause is opposed, the movant bears the burden of proving by a preponderance of the evidence that cause exists for dismissal of the debtor's bankruptcy case." Matter of Woodbrook, 19 F.3d at 317. The court finds that the movant has established cause justifying dismissal herein by a preponderance of the evidence.

The Motion to Dismiss is GRANTED. The court cannot find that Debtor Tekena filed for bankruptcy in good faith. Debtor Tekena's existence and operation appear to be founded on deliberate efforts to subvert and to frustrate our country's legal system. Debtor Tekena's conduct evidences an intent to abuse the judicial process.

Dated: November 19, 2009

ENTERED:

*Jacqueline P. Cox*

*J.P. Cox*
Jacqueline P. Cox
United States Bankruptcy Judge